IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00035-CR-W-HFS |
| DEMETRIUS ARMON CORNELIUS ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On March 3, 2022, defense counsel filed a motion requesting a psychiatric examination of defendant, pursuant to 18 U.S.C. § 4241. (Doc. 127). The motion was granted, and on September 22, 2022, a forensic evaluation report prepared by Ryan Nybo, Psy.D., was filed with the court. (Doc. 161). A competency hearing was conducted on September 27, 2022, and Magistrate Judge W. Brian Gaddy considered the forensic evaluation report prepared by Ryan Nybo, Psy.D. (Doc. 164; Doc. 168, Hearing Transcript). At the hearing, defendant stated his belief that the interview with Dr. Nybo was optional and therefore, did not participate.[1]

---

[1] In his report, Dr. Nybo opined that defendant's refusal to cooperate and after considering the discrepant and conflicting information, there was insufficient information to provide an opinion with any degree of certainty

Thus, by Order dated September 28, 2022, and pursuant to defense counsel's initial motion requesting a psychiatric evaluation of defendant under 42 U.S.C. § 4241, Judge Gaddy directed that defendant be committed to a suitable facility to undergo a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist. (Doc. 165).

On November 2, 2022, Judge Gaddy received a second psychiatric report by Stephen Peterson, M.D. (Doc. 175), and a second competency hearing was held on November 16, 2022. (Doc. 178; Doc. 179 Hearing Transcript). In summary, Dr. Peterson's current assessment was that defendant demonstrated symptoms consistent with active psychotic illness (delusions and/or hallucinations). (Doc. 175, p. 3). Dr. Peterson opined that defendant's symptoms also included obvious paranoia, poor memory, reading comprehension, and behavioral control, with erratic thinking demonstrative of active mental disease (untreated schizophrenia spectrum disorder). (Id).

In a Report and Recommendation dated November 29, 2022, and after conducting an independent review of the record, Judge Gaddy determined that defendant is incompetent to understand the nature and consequences of the

---

whether the defendant suffered from a mental disorder that would substantially impair his present ability to understand the nature and consequences of the court proceedings against him, or to assist counsel in his defense. (Doc. 165, p. 1). Dr. Nybo recommended that defendant be committed to a Federal Medical Center for further evaluation and treatment as part of competency restoration procedures. (Id).

proceedings against him and assist properly in his defense. (Doc. 181). Judge Gaddy recommended that the undersigned find that defendant is incompetent to understand the nature and consequences of the court proceedings against him, and assist counsel in his defense. (Doc. 181, p. 6).

To-date, no objections to the Report and Recommendation have been filed, and the time in which to do so has expired. Thus, the findings and conclusions in the Report and Recommendation (Doc. 181) are ADOPTED by the undersigned.

Further:

THE COURT HEREBY FINDS by a preponderance of the evidence that defendant is presently suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense.

THE COURT HEREBY ORDERS that the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d), for such a reasonable period of time up to 120 days from the date of this order to determine whether there is a substantial likelihood that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed.

THE COURT FURTHER ORDERS that if it is determined by the director of the facility where the defendant is hospitalized that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the clerk of this court.

THE COURT FURTHER ORDERS that upon the filing of such a certificate by the director, counsel for the parties shall immediately notify the court in writing by way of a written status report and shall arrange for a date for the parties to appear in court.

SO ORDERED.

                                                    */s/ Howard F. Sachs*
                                                    HOWARD F. SACHS
                                                    United States District Judge

Dated: December 15, 2022
Kansas City, Missouri