# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-00035-04-CR-W-HFS |
| DEMETRIUS A. CORNELIUS, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On March 2, 2022, counsel for Defendant Demetrius A. Cornelius filed a motion pursuant to 18 U.S.C. § 4241 to determine Defendant's mental competency to stand trial. Doc. 127. On March 3, 2022, the Court granted defense counsel's motion. Doc. 129. After the initial psychiatric report from Dr. Ryan Nybo, Psy. D., was received (Doc. 161), the Court conducted a competency hearing on September 27, 2022. Doc. 164. At the competency hearing, Defendant asserted that he believed the interview with Dr. Nybo was optional and he chose not to participate. *Id*. Based on the record, the Court ordered a local licensed or certified psychologist or psychiatrist to conduct an examination of Defendant. Docs. 164, 165. Further the court directed Defendant to participate in the examination. *Id*.

On November 2, 2022, the Court received the psychiatric report from Dr. Stephen Peterson, M.D. Doc. 175. On November 16, 2022, the Court held a competency hearing. Doc. 178. Shortly thereafter, the undersigned issued a report, recommending the District Court find Defendant was not able to understand the nature and consequences of the proceeding against him and to assist in his defense. Doc. 181 at 6. The undersigned also recommended Defendant be committed to the Attorney General's custody for hospitalization and treatment in a suitable facility to determine

whether there was a substantial probability that, in the foreseeable future, Defendant would attain the capacity to permit the trial to proceed. *Id*. Neither party objected to the Report and Recommendation.

On December 15, 2022, Senior District Judge Howard F. Sachs adopted the Report and Recommendation. Doc. 185. Judge Sachs remanded Defendant "to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. 4241(d)" for a reasonable period of time up to 120 days "to determine whether there is a substantial likelihood that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed." *Id*. at 3. Accordingly, Defendant Cornelius was hospitalized for treatment to determine whether there is a substantial probability he will attain the capacity to permit the trial to proceed in the foreseeable future. Defendant Cornelius arrived at Metropolitan Correctional Center - Chicago in Mid-May for competency restoration. *See* Doc. 204.

On October 12, 2023, a forensic evaluation report was issued by Y. Abdelaal, Psy. D. Doc. 211. Dr. Abdelaal opined that the "defendant factually understands the proceedings, had the capacity to rationally understand the proceedings and that should the defendant choose to do so, he has the capacity to properly assist defense counsel." *Id*. at 16. Dr. Abdelaal further explained although it is possible for defendant to "continue to exhibit some disruptive behavior," she opined "any lack of compliance and cooperation with instruction is volitional and consistent with the typical presentation of some individuals with characteristics of antisocial personality and not due to a mental disease of defect." *Id*. at 17. Thus, in her opinion "the defendant is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings or to assist properly in his defense." *Id*. The report was accompanied by a Certificate of Restoration of Competency to Stand

Trial, dated October 12, 2023, which was signed by R. Maldonado, who is the warden for Federal Medical Center – Chicago. Doc. 211-2.

On March 18, 2023, the undersigned conducted a hearing pursuant to 18 U.S.C. §§ 4241(c)-(e) and 4247(d) to determine Defendant's mental competency to stand trial. Doc. 213. At this hearing, both Government counsel and defense counsel confirmed receipt of the psychiatric report and the certificate of restoration. *Id*. The parties stipulated that the Court could consider Dr. Abdelaal's forensic evaluation as if she had appeared in person and testified under oath. *Id*. Neither party presented additional evidence or argument on the issue of restoration or current competency to proceed. *Id*.

Based on the record before the Court and the uncontroverted evidence to which the parties stipulate, including the findings of Dr. Abdelaal, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find Defendant Cornelius's competency to stand trial has been restored, and Defendant is presently competent to understand the nature and consequence of the proceedings against him and to assist properly in his defense.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this Report and Recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this Report which are accepted or adopted by the District Judge except upon ground of plain error or manifest injustice.

**IT IS SO ORDERED.**

DATE: October 20, 2023         /s/ W. Brian Gaddy
                               W. BRIAN GADDY
                               UNITED STATES MAGISTRATE JUDGE