IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-00035-04-CR-W-HFS |
| ) | |
| DEMETRIUS ARMON CORNELIUS, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On December 20, 2023, counsel for Defendant Demetrius Armon Cornelius filed a motion pursuant to 18 U.S.C. § 4241 for a determination of Defendant's mental competency to stand trial. Doc. 235. On December 21, 2023, the Court granted the motion. Doc. 236. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. §§ 4241 and 4247(b). *Id*.

Defendant was designated to the Federal Detention Center – SeaTac for psychiatric evaluation. On April 16, 2024, the Court received a psychological report from Ryan Nybo, Psy.D., who concluded Defendant was incompetent to proceed. Doc. 248. In particular, Dr. Nybo noted that "while [Defendant] has a factual understanding of the case, his current delusions are impairing his ability to rationally assist in his defense and make rational decisions regarding his case." *Id*. at 12. Dr. Nybo also noted "[f]rom the available information, there is evidence to indicate that Mr. Cornelius' diagnosis of Delusional Disorder, Persecutory Type would substantially impair his present ability to understand the nature and consequences of the court proceedings brought against him . . . ." *Id*.

On April 29, 2024, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial. Doc. 250. Counsel for the Government, David Luna; counsel for Defendant, Robert Calbi; and Defendant Cornelius all appeared in person. Counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Nybo's report as if Dr. Nybo had appeared in person and testified under oath. No additional evidence was offered by the Government or Defendant.

Based on the record before the Court, and the uncontroverted findings of Dr. Nybo, it is

RECOMMENDED that the District Court, after conducting its own independent review of the record, find that Defendant Demetrius Armon Cornelius is incompetent to understand the nature and consequences of the proceedings against him and assist properly in his defense. It is

RECOMMENDED that, pursuant to 18 U.S.C. § 4241(d), the Court enter an order committing Defendant Cornelius to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable time up to 120 days to determine whether there is a substantial probability that in the foreseeable future, Defendant will attain the capacity to permit the trial to proceed.

Counsel are reminded they have fourteen days in which to file any objections to this Report and Recommendation. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

DATE: April 29, 2024         /s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE