IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00035-CR-W-HFS |
| DEMETRIUS ARMON CORNELIUS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Counsel for defendant filed a motion pursuant to 18 U.S.C. § 4241 for a determination of defendant's mental capacity to stand trial (Doc. 235). The motion was granted by the Honorable W. Brian Gaddy, and pursuant to 18 U.S.C. §§ 4241 and 4247(b), defendant was committed to the custody of the Attorney General for placement in a suitable facility to undergo a psychological or psychiatric examination to be conducted by a licensed or certified psychiatrist or psychologist to determine whether defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. (Doc. 236). Judge Gaddy directed that a report be filed with the court within thirty days after the end of the examination period. (Id). Defendant was designated to the Federal Detention Center Sea Tac , Washington, for a competency examination and subsequently underwent restoration procedures at MCC Chicago. (Doc. 248, Forensic Evaluation, p. 1).

On April 16, 2024, a report was filed by Forensic Psychologist, Ryan Nybo, Psy.D. (Doc. 248). After a series of various testing techniques and observations, Dr. Nybo opined that evidence indicated that defendant's diagnosis of Delusional Disorder, Persecutory Type would substantially impair his present ability to understand the nature and consequences of the court proceedings against him and recommended that defendant undergo competency restoration procedures at a Federal Medical Center. (Doc. 248, pp.1, 12).

Pursuant to 18 U.S.C. § 4247(d), a competency hearing was held on April 29, 2024, all parties were present and stipulated that the court could consider Dr. Nybo's report as if he had appeared in person and testified under oath. After conducting an independent review of the record, Judge Gaddy determined that defendant is incompetent to understand the nature and consequences of the proceedings against him and assist properly in his defense. (Doc. 252, Report and Recommendation). Judge Gaddy recommended that the undersigned find that defendant is incompetent to understand the nature and consequences of the court proceedings against him and assist counsel in his defense. (Id, p.2).

To-date, no objections to the Report and Recommendation have been filed, and the time in which to do so has expired. Thus, the findings and conclusions in the Report and Recommendation (Doc. 252) are ADOPTED by the undersigned.

Further:

THE COURT HEREBY FINDS by a preponderance of the evidence that defendant is presently suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense.

THE COURT HEREBY ORDERS that the defendant is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility pursuant to 18 U.S.C. § 4241(d), for such a reasonable period of time up to 120 days from the date of this order to determine whether there is a substantial likelihood that in the foreseeable future the defendant will attain the capacity to permit the trial to proceed.

THE COURT FURTHER ORDERS that if it is determined by the director of the facility where the defendant is hospitalized that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the director shall promptly file a certificate to that effect with the clerk of this court.

THE COURT FURTHER ORDERS that upon the filing of such a certificate by the director, counsel for the parties shall immediately notify the court in writing by way of a written status report and shall arrange for a date for the parties to appear in court.

SO ORDERED.

       */s/ Howard F. Sachs*
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Dated: May 20, 2024
Kansas City, Missouri