IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-00035-CR-W-HFS |
| DEMETRIUS ARMON CORNELIUS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Presently pending before the court is the question of defendant's mental competency to stand trial. On June 3, 2024, the Court found "by a preponderance of the evidence that defendant is presently suffering from a mental disease or defect to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense." Doc. 254 at 2. Accordingly, the Court committed Defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d). *Id*. at 3. Between September 24, 2024, and February 18, 2025, Defendant was evaluated at the Medical Center for Federal Prisoners ("MCFP") in Springfield, Missouri.

On February 18, 2025, the Court received a Forensic Psychological Report from Sarah L. Burton, Ph.D., Forensic Unit Psychologist at MCFP. Doc. 259.[1] Dr. Burton diagnosed Defendant

---

[1] The report is dated February 13, 2025, but the Court did not receive the report until February 18, 2025.

with schizophrenia because of his evidenced delusions and auditory hallucinations, a history of "disorganized and/or bizarre behavior and speech," his prior treatment of mental health issues, and his symptomology. *Id*. at 20-22. She noted Defendant believes his family planted a device in his head to control and talk to him. *Id*. at 20-21. Although imaging revealed no device, Defendant continues to insist a device is in his head. *Id*. Defendant also expresses a belief "he was injected with something that caused his bones to dissolve or deteriorate." *Id*. In addition to perceiving "his family, the Judge, and attorneys are conspiring against him" in this matter, Defendant "presented with elements of paranoia regarding his attorney's motivations and trustworthiness." *Id*. at 23.

Dr. Burton found Defendant's "mental illness rises to the level of a mental disease and impairs his competency-related capacities." *Id*. She expressed "specific concerns regarding his rational understanding and ability to assist properly in his defense, including his ability to exercise sound judgment, make well-reasoned decisions, listen to and consider feedback and advice, and communicate effectively with defense counsel." *Id*. Thus, Dr. Burton opined Defendant is not competent to proceed or make decisions regarding his legal case at this time. *Id*.

The Court held a hearing on March 17, 2025, at the United States Courthouse in Springfield, Missouri. Doc. 264. Defendant appeared in person with his attorney, Robert Calbi, and the Government was represented by David Luna.[2] *Id*. Counsel for the Government and counsel for Defendant stipulated that the Court could consider Dr. Burton's report as if she had

---

[2] With no objection from Defendant, Mr. Luna appeared at the hearing via videoconference.

appeared in person and testified under oath. Doc. 264; Doc. 265 at 3-4. No additional evidence was offered by the Government or Defendant. Doc. 264; Doc. 265 at 4-5.

In a Report and Recommendation dated March 20, 2025, and after conducting an independent review of the record, Judge Gaddy determined as set forth in Dr. Burton's unchallenged report, that Defendant does not have a rational understanding of the legal proceedings, and his ability to assist properly in his defense is compromised. Doc. 266.

Judge Gaddy recommended that the undersigned find that defendant is incompetent to understand the nature and consequences of the proceedings against him and assist properly in his defense. Doc. 266.

To-date, no objections to the Report and Recommendation have been filed, and the time in which to do so has expired. Thus, the findings and conclusions in the Report and Recommendation (Doc. 266) are ADOPTED by the undersigned.

Accordingly,

the Court finds that Defendant continues to suffer from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court further finds Defendant's mental condition has not so improved as to permit the proceedings to go forward, and there is not a substantial probability in the foreseeable future that Defendant will attain the capacity to permit the proceedings to go forward. It is therefore

**ORDERED** that, pursuant to 18 U.S.C. §§ 4246(b) and 4247(b), the Court order Defendant to undergo a psychiatric or psychological examination, conducted by a licensed or

certified psychiatrist or psychologist employed by MCFP, to determine whether Defendant is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. It is further

**ORDERED** that Defendant's commitment to the custody of the Attorney General be continued for a period of forty-five days, unless that time is extended for an additional period of time not to exceed thirty days upon a showing of good cause that the additional time is necessary to observe, evaluate, and examine Defendant. It is further

**ORDERED** that the examining psychiatrist or psychologist promptly prepare a report for filing with the Court.

SO ORDERED.

                                                                                                     */s/ Howard F. Sachs*
                                                                   HOWARD F. SACHS
                                                                   UNITED STATES DISTRICT JUDGE

Dated: April 7, 2025
Kansas City, Missouri